WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sport Collectors Guild Incorporated, et al., | No. CV-16-02229-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Bank of America NA, | |
| Defendant. | |

On September 14, 2018, the Court granted Bank of America NA's ("BANA") motion for summary judgment, and this matter was dismissed with prejudice. (Doc. 102.) Since that time, Plaintiffs have filed three separate motions seeking to alter, amend, or set aside that Order. (Docs. 109, 118, 130.) The first two motions were denied. (Docs. 117, 127.) Plaintiffs appealed the denial of the second motion, filed the instant motion seeking to set aside not only the September 2018 Order but also a January 2018 Order (Doc. 130), and then voluntarily dismissed the appeal. The mandate granting the dismissal has now been entered. (Doc. 133.)

The scope and purpose of the Federal Rules of Civil Procedure is to "secure the just, *speedy*, and *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Plaintiffs note that they "have incurred over $200,000.00 in fees and expenses in this litigation," Doc. 130 at 14 n.4, yet they continue to file meritless motions. Here, Plaintiffs seek relief pursuant to Fed. R. Civ. P. 60(d)(3), which permits a court to "set aside a judgment for fraud on the court."

The fraud on the court doctrine is a strict one. "[R]elief from judgment for fraud on the court is 'available only to prevent a grave miscarriage of justice.'" *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). In the Ninth Circuit, fraud on the court must "'harm[] the integrity of the judicial process' . . . [and] be an 'intentional, material misrepresentation'"; in other words, "fraud on the court 'must involve an unconscionable plan or scheme which is *designed to improperly influence the court* in its decision.'" *Id.* at 1168 (internal citations omitted) (emphasis added). Furthermore, "relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment." *Id.* (collecting cases).

The Court need not delve into Plaintiffs' argument that BANA's November 6, 2017[1] statements "that [the Small Business Administration ("SBA")] guaranteed the loan and paid BANA," and BANA's February 15, 2018 statement "that it is an undisputed fact that Plaintiffs defaulted on the loan" constituted fraud on the court. (Doc. 130 at 13–14.) It is undisputed that neither Plaintiff ever paid the $146,000 remaining on the loan back, as Plaintiff Patrice Lagnier testified. (Doc. 82 at 2, Doc. 87 at 5.) And because "the Court's conclusions did not hinge on whether the loan was, in fact, eligible to be guaranteed by the SBA," Doc. 102 at 6, and the Court noted "this Court has not been misled by BANA's representations . . . [which] stated that Plaintiffs' loan was extended as an SBA-guaranteed loan and treated as an SBA-guaranteed loan by the SBA. . . . Nothing suggests BANA's counsel misled the Court," Doc. 102 at 12–13, Plaintiffs cannot possibly argue that the alleged fraud was not known at the time of entry of judgment. *Sierra Pacific*, 862 F.3d at 1168.

By repeatedly filing meritless motions, Plaintiffs are wasting the time and resources of themselves, BANA, and this Court. BANA may not have been forthcoming about the ultimate fate of the money, but it was not a secret as Plaintiffs were aware *prior to filing this lawsuit* that the right to collect on the loan belonged to BANA and not the SBA. (Doc.

---

[1] Plaintiffs later state these statements were made on November 16, 2018, but this appears to be a typographical error. *Compare* Doc. 130 at 3 *with* Doc. 130 at 13.

131 at 8.) This Court will not entertain any more filings by Plaintiffs that relate to the SBA guarantee of the loan. Should Plaintiffs file such a motion in violation of this Order, such motion may be summarily dismissed and sanctions may be imposed.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion to Set Aside the Court's Orders of 1/5/2018 and 9/14/2018 Pursuant to FRCP 60(d)(3) (Doc. 130) is **DENIED WITH PREJUDICE**. Should Plaintiffs file another motion relating to the SBA guarantee of the loan, such motion may be summarily dismissed and sanctions may be imposed.

Dated this 27th day of February, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge